KENNETH J. TROIANO
ATTORNEY AT LAW
State Bar #134786
P.O. Box 33536
San Diego, CA 92163-3536
(858) 268-8600
Email: kjtroiano@mac.com

Attorney for Defendant
David Alec White

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE MARILYN L. HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALEC WHITE,<br><br>Defendant. | CRIMINAL CASE 19CR0666-H<br><br>Date: April 8, 2019<br>Time: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF PRETRIAL MOTIONS. |

**I.**

**STATEMENT OF THE CASE**

David Alec White is charged in a one count information with the Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (AR-15 style rifle with a barrel of less than 16 inches) and Criminal Forfeiture pursuant to 26 U.S.C. § 5872 and 26 U.S.C. § 2641©.

Mr. White is free on bond

The government has been providing discovery. Mr. White relies on the factual allegations contained in the complaint for purposes of these motions (Case # 19MJ0288).

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. THE DEFENDANT HEREBY MOVES THE COURT TO COMPEL DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND <u>BRADY v. MARYLAND</u>.**

The defendant moves for production by the government of the items listed below. This request is not limited to those items that the prosecutor personally knows of, but rather includes any and all discoverable items listed below that are in the custody, control, care, or knowledge of the government or any "closely related investigative [or other] agencies", or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the government. <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir.), <u>cert. denied</u>, 493 U.S. 858 (1989).

**(1) The Defendant's Statements** - Under Fed. R. Crim. P. 16 (a)(1)(A) the government must disclose to the defendant and make available for inspection,

copying, or photographing:

- the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person known by the defendant to be a government agent if the government intends to use that statement at trial. Rule 16(a)(1)(A);

- any relevant written or recorded statement made by the defendant, if the statement is within the government's possession, custody, or control and the attorney for the government knows -- or through due diligence could know -- that the statement exists. Rule 16(a)(1)(B)(i);

- the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. Rule 16(a)(1)(B)(ii); and

- the defendant's recorded testimony before a grand jury relating to the charged offense. Rule 16(a)(1)(B)(iii).

The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce

those statements in its case-in-chief or reserve their use for impeachment purposes.

The defense also requests the government to produce copies of any warnings given to him relating to his rights under <u>Miranda v. Arizona</u>, 384 U.S. 439 (1966) and all audio or video recordings of any statements made by him.

**(2) The Defendant's Prior Record** - Evidence of the defendant's prior criminal record is discoverable under Fed. R. Crim. P. 16(a)(1)(B).

**(3) Documents and Tangible Objects** - The defendant requests, under FRCrP 16(a)(1)(C), the opportunity to inspect and copy, or photograph, as well as test, if necessary, all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

Specifically, the defense requests to inspect, copy, and photograph the following items:

- The AR-16 and all other guns, ammunition, or accessories;
- Any personal papers, objects, identification cards, recordings, credit/ bank cards or clothing seized from vehicle and the defendant or

attributed to the defendant or any co-defendant or co-conspirator;

- A color copy of all photographs and video or audio recordings taken of the defendant, the personal papers or objects described above, and the seized guns and ammunition, <u>including those taken by U.S Probation Officers, the ATF, and agents and officers of other law enforcement agencies</u>; and

- Any cellular telephones, computers, tablets, radios or walkie-talkies found in the vehicle or on the persons or among the effects of the defendants or conspirators, including the device's memory and records taken from the memory or subscriber accounts..

The defense also requests that all the above-listed items be preserved pending trial and sentencing.

**The defense is awaiting a replacement copy of a video taken of the defendant.**

**(4) Reports of Scientific Tests or Examinations** – Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. White requests the opportunity to inspect and copy, or photograph, as well as test, if necessary, all reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof in this case

which are material to the defense or intended for use in the government's case-in-chief.

**The defense requests any reports generated from the testing and analysis of the AR-15 rifle.**

(5) **Expert Witness Testimony** - Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Mr. White hereby requests a written summary of testimony the government intends to use under Fed. R. Evid. Sections 702, 703 or 705 during its case-in-chief at trial. A written summary of testimony is defined in this rule as a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

(6) **Brady Material** – pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the defendant requests all documents, statements, agent's reports, and tangible evidence potentially favorable to the defendant on the issue of guilt, effecting the credibility of the government's case, or that could potentially result in a lower sentence. Impeachment as well as exculpatory evidence falls within <u>Brady</u>'s definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

**(7) Any Proposed FRE 404(b)** - Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b). In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given well in advance of trial in order to give the defense time to adequately investigate and prepare for trial.

**(8) Jencks Act Material** - The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch or surveillance tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

The defense requests, prior to trial or any substantive motion hearing, the

government produce Jencks material in order to expedite cross-examination and to avoid lengthy recesses during the proceedings.

Furthermore, all video or audio taped statements of any witnesses should be produced well in advance of trial so that they may be reviewed, translated, if required, transcripts prepared, and meaningful witness interviews conducted.

**(9) Evidence of Bias or Motive to Lie** - The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

**(10) Giglio Material** - The defense requests all statements, promises, and threats, express or implied, made to any government witness, including any material witnesses or informants, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of such witnesses. Giglio v. United States, 405 U.S. 150 (1972).

**(11) Evidence of a Criminal Investigation of Any Government Witness** – The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United

States v. Chitty, 760 F.2d 425 (2nd Cir. 1985).

**(12) Government Examination of Law Enforcement Personnel Files** - Mr. White requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting a confidential informant involved in this case. Mr. White requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

**(13) Surveillance Evidence and Dispatch Transmissions -** Mr. White requests the government to preserve and make available through discovery all recordings and photographs made/taken by law enforcement relating to or documenting the surveillance, apprehension, and questioning of the defendant or any percipient witness.

//

//

**B.     MOTION FOR LEAVE TO FILE FURTHER MOTIONS.**

1) Mr. White respectfully moves the Court for leave to file further motions upon completion of the discovery process or formal notification by the government of its intent to use specific FRE § 404(b) evidence at trial.

2) Mr. White reserves his right to request the suppression of any evidence seized in violation of the Fourth Amendment and statements made by him while subject to custodial interrogation pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). He further reserves his right to request a hearing pursuant to 18 U.S.C. § 3501 to determine if his statements were made voluntarily and if his waiver of rights under <u>Miranda</u> was done so voluntarily.

### III.
### CONCLUSION

For the foregoing reasons, Mr. White respectfully requests the Court to grant his motions.

Respectfully submitted,

Dated: <u>March 22, 2019</u>           <u>*s/Kenneth J. Troiano*</u>
                                        Kenneth J. Troiano
                                        Attorney for Defendant
                                        David Alec White