ROBERT S. BREWER, JR.
United States Attorney
Brandon J. Kimura
Assistant U.S. Attorney
California Bar No.: 241220
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9614

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19CR0666-H |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL** |
| DAVID ALEC WHITE, | |
| Defendant | |

COMES NOW the plaintiff, United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's Motion to Compel.

# I

# STATEMENT OF THE CASE

The United States incorporates by reference the Complaint filed in this case. Dkt. 1, Complaint.

//

//

# III

# ARGUMENT

## A. Defendant's Motion to Compel Discovery

This response will address two specific areas relating to the United States' production of discovery: (1) items that the United States either has provided or will voluntarily provide to Defendant; and (2) items demanded by Defendant that go beyond the mandate of Rule 16, Federal Rules of Criminal Procedure, and are not discoverable.

### 1. Items the United States Provided or will Voluntarily Provide

a. Pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P., the United States will disclose and make available for inspection, copying or photographing, any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States and that are relevant to the crime charged; that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a United States agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. The United States shall also disclose the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a United States agent if the United States intends to use that statement at trial.

b. Pursuant to Rule 16(a)(1)(B), Fed.R.Crim.P., the United States will furnish the Defendant with a copy of his prior criminal record, namely, his rap sheet.

c. Pursuant to Rule 16(a)(1)(c), Fed.R.Crim.P., the United States will permit the Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody or control of the United States, and that are material to

the preparation of the Defendant's defense or are intended for use by the United States as evidence during its case-in-chief at trial, or were obtained from or belong to the Defendant.

    d.    Pursuant to Rule 16(a)(1)(D), Fed.R.Crim.P., the United States will permit the Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are in the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States, and that are material to the preparation of Defendant's defense or are intended for use by the United States as evidence during its case-in-chief at trial.

    e.    Pursuant to Rule 16(a)(1)(E), Fed.R.Crim.P., the United States will provide the Defendant with a written summary of the testimony of all experts that the United States intends to introduce under Rules 702, 703, and 705 of the Federal Rules of Evidence.

    f.    The United States is aware of its duty under *Giglio v. United States*, 405 U.S. 150 (1972), and will disclose the terms of all agreements (or any other inducements) with cooperating witnesses or defendants, if any are entered into, at the time that the identities of these individuals are revealed. Specifically, in this regard, the United States will turn over plea agreements, cooperating individual agreements, and payments for information, services and/or expenses.

    g.    The United States will disclose any record of prior criminal convictions, if any, that could be used to impeach a United States witness prior to any such witness' testimony. However, the United States is under no obligation to turn over the criminal records of all witnesses. *United States v. Taylor*, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, the disclosure need only extend to witnesses the United States intends to call in its case-in-chief. *United States v. Gering*, 716 F.2d 615, 621 (9th Cir. 1983); *United States v. Angelini*, 607 F.2d 1305, 1309 (9th Cir. 1979).

h. The United States will provide a description of the prior bad acts, if any exist, of the United States witnesses pursuant to Federal Rule of Evidence 608(b) to the extent that the information within the United States' possession reasonably relates to the credibility of a witness.

i. The United States will disclose in advance of trial the general nature of other crimes, wrongs, or acts of the defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The United States agrees to disclose this information one week prior to trial.

j. The United States will disclose all relevant search warrants that have been executed in this case, as well as the fruits of all searches conducted in this case.

k. The United States acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Jencks Act and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.

**2. Items the United States will not Voluntarily Provide**

a. Defendant's Requests 1 and 8 appears to request the handwritten notes of United States agents. Defendant is not entitled to rough notes taken during his statements to arresting officers unless they contain material and exculpatory information. *See Palermo v. United States*, 360 U.S. 343, 355 n.12 (1959); *United States v. Alvarez*, 86 F.3d 901, 904 n.2 (9th Cir. 1996).

b. Defendant's Requests 8, 9, 10, and 11, requests information regarding *prospective* witnesses. The United States will comply with its obligation under with *Brady, Giglio*, and *Henthorn* and will provide any relevant materials for witnesses it intends to call in its case-in-chief at a later date if any are found. However, Defendant has no right to any of this information merely because an individual is a *prospective* witness.

c. Defendant's Request 12 requests the prosecutor personally conduct a review of the personnel records of officers involved in this case. The United States will

request that the agency perform a review of personnel files for it witnesses to demonstrate compliance with *Brady, Giglio*, or *Henthorn* and will provide any relevant materials at a later date if any are found. The United States Attorney is not required and, in fact, is prohibited from conducting a personal review of these files and this Court cannot order that it do so. *United States v. Jennings*, 960 F.2d 1488, 1491-92 (9th Cir. 1992); *United States v. Herring*, 83 F.3d 1120, 1122 (9th Cir. 1996).

**B.    Defendant's Motion to Preserve**

The United States does not oppose Defendant's Motion Preserve to the extent he can identify what evidence the evidence that is in the United States' possession, should be preserved. The United States has produced a copy of his interview.

**C.    Defendant's Motion to Grant Leave to File Further Motions**

The United States does not oppose Defendant's Motion For Leave to File Further Motions so long as any further motions are based on evidence not previously made available to Defendant, or could not have been set at the time of the hearing, in the exercise of due diligence by the defense.

## V.
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's Motion to Compel Discovery be denied.

DATED: May 3, 2019                                         Respectfully submitted,

                                                                              ROBERT S. BREWER, JR.
                                                                              United States Attorney


                                                                              /s/Brandon J. Kimura
                                                                              BRANDON J. KIMURA
                                                                              Assistant United States Attorney

|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | SOUTHERN DISTRICT OF CALIFORNIA | |
| UNITED STATES OF AMERICA, | ) | Case No. Case No. 18MJ23347-KSC |
| Plaintiff, | ) ) ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| DAVID ALEC WHITE, Defendant | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, Brandon J. Kimura, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Opposition to Defendant's Motion to Compel on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Kenneth J. Troiano, Esq.

Attny for Defendant DAVID ALEC WHITE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2019.

                                                s/*Brandon J. Kimura*
                                                BRANDON J. KIMURA